# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAMIRO CARRIZALES<br>#52005-280, | § § § | |
| Movant, | § § | |
| v. | § § | SA-20-CV-1072-XR<br>SA-17-CR-391-XR-13 |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

## ORDER

Before the Court is Movant Ramiro R. Carrizales' *pro se* Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 2223). On September 8, 2020, the Clerk received and docketed Carrizales' Motion pursuant to 28 U.S.C. § 2255 ("Section 2255 Motion") to vacate, set aside, or correct his sentence imposed following a conviction for Hobbs Act conspiracy and conspiracy to distribute fifty grams or more of methamphetamine and 100 grams or more of heroin. (ECF No. 2082). The Court ordered the Government to file a response to the motion on or before November 20, 2020. (ECF No. 2087). The Court further ordered that, "if the Movant wishes to reply to the Government's response, the movant must file any reply within twenty-one (21) days after receipt of the Government's Response." (*Id.* at 2).

On October 27, 2020, before the Government filed its Response, Carrizales filed a motion requesting that the Court order the Government to furnish copies of transcripts of the underlying criminal proceedings as well as copies of all legal decisions contained in the Government's yet-to-be-filed Response. (ECF No. 2103). Before the Court ruled on that motion, the Government filed a motion to extend the deadline for filing its Response to the Section 2255 Motion. (ECF No.

2105). The Court granted the Government's motion and extended the deadline for filing its Response to January 20, 2021.

On December 21, 2020, Carrizales filed a motion seeking the appointment of counsel. (ECF No. 2120). On January 6, 2021, the Government filed its Response to the Section 2255 Motion. (ECF No. 2132). Thereafter, on January 12, the Court entered an order denying Carrizales' request for counsel but advised Carrizales that if he "is unable to timely prepare his reply by the Court-imposed deadline, he may move for an extension of the deadline." (ECF No. 2136 at 2). The order further denied Carrizales' request for free copies but ordered the Government to furnish the transcripts of the rearraignment and sentencing hearings to the Court and to Carrizales within sixty days. (*Id.* at 3-4). The Court also set a new deadline for Carrizales to file his reply: thirty days after his receipt of the rearraignment and sentencing transcripts. (*Id.* at 4).

On January 13, the Government filed the transcripts under seal and certified that it would mail a copy of the transcripts to Carrizales. (ECF No. 2137). Carrizales did not file a reply to the Government's Response. On May 25, the Court denied the Section 2255 Motion on the merits and entered the Judgment. (ECF No. 2168).

On June 17, Carrizales furnished the pending Rule 59(e) Motion to prison officials for mailing. (ECF No. 2223 at 2). In the Motion, Carrizales asserts that the Court denied him due process by denying the Section 2255 Motion without the benefit of his reply. Carrizales states that his "attempts to file a reply were thwarted due to the Government's failure to serve movant a copy of [its] Response." (*Id.*).

Carrizales further asserts that, in January of 2021, he wrote to the Clerk of the Court to inquire as to the status of the Government's Response. (*Id.*). Carrizales attached to the Motion a copy of the letter he received in return. The Clerk's letter, dated January 29, informed Carrizales

2

that the Government filed its Response on January 6. (*Id.*). Carrizales now alleges that, since receiving the Clerk's letter, his attempts to obtain a copy of the Government's Response have been "overlooked," although he offers no supporting details. (*Id.* at 2). He states that he is not educated in the law and does not have adequate access to the law library or the assistance of jailhouse lawyers due to Coronavirus-related prison restrictions. (*Id.*). He asks the Court to reconsider its order denying the Section 2255 Motion, order the Government to provide him a copy of the Response, and allow him to file a reply. (*Id.* at 4).

Rule 59(e) allows a litigant to file a motion to alter or amend a judgment within 28 days from entry of the judgment. The Rule gives a district court the chance "to rectify its own mistakes in the period immediately following" its decision. *White v. New Hampshire Dept. of Employment Security*, 455 U. S. 445, 450 (1982). A Rule 59(e) motion should not be granted unless the movant can show: (1) an intervening change in controlling law; (2) the availability of new evidence previously not available; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Brown v. Mississippi Co-op Extension Serv.*, 89 F. App'x 437, 437 (5th Cir. 2004) (citing cases).

Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[t]he moving party *may* submit a reply to the respondent's answer or another pleading within a time fixed by the judge." (emphasis supplied). Thus, a reply is permitted but not required. Nevertheless, the Court waited until well after Carrizales' deadline for filing a reply to rule on the Section 2255 Motion. Carrizales' deadline was thirty days after receipt of the rearraignment and sentencing transcripts. On January 13, the Government certified that a copy of the transcripts would be sent to Carrizales. (ECF No. 2137 at 2). Nothing in the record indicates

that Carrizales did not receive the transcripts. The Court did not rule on the Section 2255 Motion until May 25.

Carrizales admits that he received the Clerk's January 29 letter indicating that the Response had been filed on January 6. Although Carrizales argues that he never received the Government's Response, and his attempts to obtain a copy of the Response were "overlooked," Carrizales did not file any motions with the Court indicating he did not receive service of the Response, nor did he request an extension of the deadline to file his reply. For these reasons, Carrizales has failed to meet the requisite standard for the Court to grant his Rule 59(e) Motion.

Accordingly, it is therefore **ORDERED** that Carrizales' *pro se* Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 2223) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 2nd day of July, 2021.

_____
Xavier Rodriguez
United States District Judge